# United States Court of Appeals
## For the First Circuit

No. 23-1738

SYSCO MACHINERY CORP.,

Plaintiff, Appellant,

v.

CYMTEK SOLUTIONS, INC.; CYMMETRIK ENTERPRISE CO. LTD.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Leo T. Sorokin, U.S. District Judge]

Before

Barron, Chief Judge,
Lipez and Kayatta, Circuit Judges.

Christopher E. Hanba, with whom Ariana Deskins Pellegrino, Dickinson Wright PLLC, Christopher J. Somma, and Somma Law PLLC were on brief, for appellant.
Kevin Tottis, with whom Keith M. Stolte, Max Stein, TottisLaw, Barbara A. Fiacco, Allison L. Anderson, and Foley Hoag LLP were on brief, for appellee Cymtek Solutions, Inc.
Li Chen, with whom Lumens Law Group PLLC, Dawn E. Murphy-Johnson, and Miller & Chevalier Chartered were on brief, for appellee Cymmetrik Enterprise Co. Ltd.

December 20, 2024

**KAYATTA**, **Circuit Judge**.     Taiwanese company Sysco
Machinery Corp. ("Sysco") sued Taiwanese company Cymtek Solutions,
Inc. ("Cymtek") and Taiwanese company Cymmetrik Enterprise Co.
Ltd. ("Cymmetrik") in the U.S. District Court for the District of
Massachusetts for conduct originating in Taiwan that allegedly
infringed Sysco copyrights for material created in Taiwan.  The
sole issue addressed on this appeal is whether the district court
properly exercised its discretion in applying the doctrine of forum
non conveniens to dismiss this lawsuit.  For the following reasons,
we hold that the district court did not abuse its discretion.

**I.**

Sysco, Cymtek, and Cymmetrik are three Taiwanese
companies involved in the business of industrial cutting.  Around
twenty years ago, Sysco's team members -- all of whom were based
in Taiwan -- developed the rotary die-cutting ("RDC") machine that
spawned this dispute.  Sysco also created, in Taiwan, a series of
technical drawings illustrating the RDC.  These Taiwanese
drawings, to which we refer as the "copyrighted works," enjoy
copyright protection in both the United States and Taiwan.  In
2017, Sysco began shipping RDCs from Taiwan to the United States,
using U.S. distributor DCS USA Corp. ("DCS") to develop and
maintain U.S. client relationships.

In April 2021, several Sysco employees -- all of whom
are Taiwanese -- left the company to create and work for Cymtek.

They did so with financial support from Cymmetrik, an existing company that wholly owned Cymtek until late December 2021. According to Sysco, Cymtek developed a competing RDC in Taiwan by misappropriating Sysco's trade secrets and copyrighted works. Cymtek also formed a relationship with DCS and allegedly used that relationship to usurp Sysco's U.S. business by shipping Cymtek's competing RDCs from Taiwan to the United States. Sysco additionally alleges that Cymtek copied Sysco's copyrighted works in Taiwan and sent those copies "into the United States in order to facilitate DCS's installation of RDCs for the U.S. customers."

**II.**

The present dispute represents Sysco's third roll of the dice. Sysco first brought suit in Taiwan's Intellectual Property and Commercial Court ("IPCC") against Cymtek and several of its employees and won a March 2022 preliminary injunction barring them from using the copyrighted works or disclosing any information contained therein. Those proceedings are ongoing. Sysco reportedly did not include Cymmetrik in those proceedings "because most of the evidence related to Cymmetrik's unlawful acts are to be obtained from . . . third part[ies] in the United States."

In August 2022, after facing setbacks in the IPCC, Sysco sued Cymtek and Cymmetrik in the U.S. District Court for the Eastern District of North Carolina. Verified Complaint for Injunctive & Other Relief, Sysco Mach. Corp. v. Cymtek Sols., Inc.,

No. 5:22-cv-00319 (E.D.N.C. Aug. 11, 2022).  That lawsuit asserted
claims similar to those at bar but included additional defendants:
DCS and several former Sysco employees.  See id.  After learning
that Sysco's counsel had contacted a DCS employee without DCS's
counsel present, the court issued a protective order against Sysco.
Order, Sysco Mach., No. 5:22-cv-00319 (Oct. 3, 2022).  Two weeks
later, Sysco voluntarily dismissed the suit without prejudice.
Stipulation of Dismissal, Sysco Mach., No. 5:22-cv-00319 (Oct. 18,
2022) (dismissing DCS); Notice of Dismissal, Sysco Mach.,
No. 5:22-cv-00319 (Oct. 18, 2022) (dismissing the other
defendants).

     Three days after dismissing its North Carolina suit,
Sysco commenced this lawsuit in the U.S. District Court for the
District of Massachusetts against Cymtek and Cymmetrik.  After
some preliminary motions and orders not relevant here, Sysco filed
an amended complaint on December 30, 2022, which forms the basis
for the dispute at bar.  That complaint asserted four causes of
action: (1) misappropriation of trade secrets under 18 U.S.C.
§ 1836; (2) federal copyright infringement under 17 U.S.C. §§ 101–
810; (3) unfair and deceptive acts and practices under Mass. Gen.
Laws ch. 93A; and (4) tortious interference with prospective
economic advantage under common law.[1]  The first, third, and fourth

_____

     [1]  The district court explained that counts three and four
"are encompassed within the [analysis] of the trade secret and

- 4 -

counts targeted Cymtek and Cymmetrik, while the second count targeted only Cymtek. Sysco sought monetary, declaratory, and injunctive relief to remedy Cymtek's and Cymmetrik's alleged infringing conduct, as well as monetary damages for harms (e.g., loss of U.S. business) stemming therefrom.

Cymtek and Cymmetrik both moved to dismiss the suit under the doctrine of forum non conveniens. After a motions hearing, the district court granted the two motions. Sysco Mach. Corp. v. Cymtek Sols., Inc., No. 22-cv-11806, 2023 WL 6035672, at *11 (D. Mass. Aug. 9, 2023). Sysco appealed.

**III.**

We review a district court's forum non conveniens determination for abuse of discretion. Imamura v. Gen. Elec. Co., 957 F.3d 98, 106 (1st Cir. 2020). "We will find an abuse of discretion if the district court (1) failed to consider a material factor; (2) substantially relied on an improper factor; or (3) assessed the proper factors, but clearly erred in weighing them." Id. (quoting Interface Partners Int'l Ltd. v. Hananel, 575 F.3d 97, 101 (1st Cir. 2009)). While "the abuse-of-discretion standard isn't a rubber stamp," Curtis v. Galakatos, 19 F.4th 41,

---

copyright claims because all of the claims concern the same general alleged course of conduct." Sysco Mach. Corp. v. Cymtek Sols., Inc., No. 22-cv-11806, 2023 WL 6035672, at *4 (D. Mass. Aug. 9, 2023). On appeal, no party challenges this approach. We thus follow suit and devote our discussion to Sysco's federal intellectual property ("IP") claims.

49 (1st Cir. 2021), it nevertheless imposes "a formidable burden" on anyone "attempting to convince the court of appeals that the lower court erred," Rivera-Aponte v. Gomez Bus Line, Inc., 62 F.4th 1, 7 (1st Cir. 2023) (quoting Rosario-Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir. 1998)).  "Of course," any "material error of law" that the district court committed "within its forum non conveniens determination . . . invariably constitutes an abuse of discretion" warranting reversal.  Imamura, 957 F.3d at 106 (citations omitted).

## IV.

The doctrine of forum non conveniens empowers "a federal district court [to] dismiss an action on the ground that a court abroad is the more appropriate and convenient forum for adjudicating the controversy." Sinochem Int'l Co. v. Malay. Int'l Shipping Corp., 549 U.S. 422, 425 (2007).  Two background principles guide this inquiry:  First, "[a] defendant invoking forum non conveniens ordinarily bears a heavy burden in opposing the plaintiff's chosen forum," id. at 430; such a defendant must show that dismissal "is needed to avoid serious unfairness," Nandjou v. Marriott Int'l, Inc., 985 F.3d 135, 141 (1st Cir. 2021) (quoting Adelson v. Hananel, 510 F.3d 43, 52 (1st Cir. 2007)).  Second, however, "[w]hen the plaintiff's choice is not its home forum, . . . the presumption in the plaintiff's favor 'applies

with less force.'" Sinochem Int'l Co., 549 U.S. at 430 (quoting
Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255 (1981)).

Thus guided, the forum non conveniens inquiry proceeds
in two steps.

### A.

At step one, we ask "whether an adequate alternative
forum exists to the one that the plaintiff has chosen for [its]
suit." Nandjou, 985 F.3d at 141. An adequate forum satisfies two
requirements: "(1) all parties can come within that forum's
jurisdiction, and (2) the parties will not be deprived of all
remedies or treated unfairly, even though they may not enjoy the
same benefits as they might receive in an American court." Curtis,
19 F.4th at 47-48 (quoting Imamura, 957 F.3d at 106). To satisfy
the jurisdictional requirement, a defendant must show that the
dispute can get through the foreign courthouse's doors -- in other
words, that the foreign forum can "exercise . . . personal
jurisdiction over the defendant" and "subject matter jurisdiction
over the dispute." Imamura, 957 F.3d at 108. As to the remedy
requirement, a defendant need show that the foreign forum offers
remedies for "the types of claims that the plaintiff has brought,"
Iragorri v. Int'l Elevator, Inc., 203 F.3d 8, 12 (1st Cir. 2000);
such remedies cannot be "so clearly inadequate or unsatisfactory
that [they are] no remed[ies] at all," Piper, 454 U.S. at 254.

If a defendant does not satisfy both adequacy requirements, "that's the end of the line for [its] _forum non conveniens_ motion." _Curtis_, 19 F.4th at 48. If, however, the defendant satisfies both requirements, we turn to the second step of the forum non conveniens inquiry.

**B.**

At step two, we ask whether "the compendium of factors relevant to the private and public interests implicated by the case strongly favors dismissal." _Iragorri_, 203 F.3d at 12. The Supreme Court has enumerated a non-exhaustive list of germane private-interest factors:

> the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

_Gulf Oil Corp._ v. _Gilbert_, 330 U.S. 501, 508 (1947). It has done the same for germane public-interest factors:

> the administrative difficulties flowing from court congestion; the "local interest in having localized controversies decided at home"; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

_Piper_, 454 U.S. at 241 n.6 (quoting _Gilbert_, 330 U.S. at 509).

In applying these factors, "flexibility is the watchword": The Supreme Court's compendia "comprise a helpful starting point, but not every item applies in every case," and the lists are "illustrative rather than all-inclusive." Iragorri, 203 F.3d at 12. While the Supreme Court's instructions -- and our own precedents -- control our forum non conveniens analysis, each "inquiry ultimately turns on the unique facts of each case." Curtis, 19 F.4th at 48. At bottom, we seek to determine "where trial will best serve the convenience of the parties and the ends of justice." Iragorri, 203 F.3d at 12 (quoting Koster v. (Am.) Lumbermens Mut. Cas. Co., 330 U.S. 518, 527 (1947)).

## V.

The district court ruled for Cymtek and Cymmetrik at both steps of the forum non conveniens inquiry and thus granted their motions to dismiss. On appeal, Sysco challenges the district court's rulings at both steps. We consider each step in turn and conclude that the district court did not abuse its discretion in granting Cymtek's and Cymmetrik's motions for dismissal.

## A.

We begin with step one of the forum non conveniens inquiry: adequacy. Sysco does not contest that Taiwanese courts can exercise personal jurisdiction over Cymtek and Cymmetrik, nor does it contest that Taiwanese courts enjoy subject matter jurisdiction over private IP disputes of the type at bar. We are

therefore satisfied that this case could make its way through Taiwan's courthouse doors, thus fulfilling step one's jurisdictional requirement. Sysco does not meaningfully dispute this conclusion.[2]

Rather, Sysco devotes its adequacy challenge to step one's remedy requirement. The district court credited Cymtek's and Cymmetrik's assertions "that Taiwanese law provides a range of significant potential remedies for trade secret and copyright law violations," including relief for downstream injuries "derived from the infringement." Sysco Mach., 2023 WL 6035672, at *5-6. The district court thus deemed the remedies available under Taiwanese law "adequate." Id. at *6.

Sysco challenges this determination. In its own words, the company contests "the sufficiency of the remedy" available in Taiwan, alleging that Cymtek and Cymmetrik have failed to adduce evidence that a Taiwanese court could "provide a remedy for the infringement of Sysco's U.S. intellectual property rights." In other words, Sysco argues that, whenever a case involves a claim

---

[2] Sysco does at times appear to style its adequacy challenge as jurisdictional, including at oral argument, where Sysco briefly contended that "[t]he subject matter here [is] U.S copyrights." However, Sysco's reply brief retreats from this position, and we discern little precedential support for the proposition that the courthouse-doors inquiry views "subject matter" so narrowly. See Imamura, 957 F.3d at 108-09. Instead, we see Sysco's argument -- which, in Sysco's words, "focuses on the sufficiency of the remedy" available in Taiwan -- as principally a remedy challenge, and we treat it accordingly.

under U.S. copyright law, a foreign forum is inadequate unless it "could or would apply United States copyright law." Halo Creative & Design Ltd. v. Comptoir Des Indes Inc., 816 F.3d 1366, 1372 (Fed. Cir. 2016). Sysco appears to view trade-secrets law similarly.

As a preliminary matter, it is not clear that the premise for this argument (i.e., that a Taiwanese court could not apply U.S. law) stands scrutiny. Contrary to Sysco's contentions, Cymtek did adduce evidence that a Taiwanese court could apply U.S. copyright law to this case. As the district court observed: "[I]n a declaration submitted by Cymtek, [Taiwanese IP lawyer Vanessa] Weng . . . assert[ed] that a Taiwanese court could apply foreign law if 'the law of the place where the tort occurred is foreign.'" Sysco Mach., 2023 WL 6035672, at *5 n.7. Weng and the district court acknowledged that, given this case's facts and Taiwanese law's capacity to remedy Sysco's alleged injuries, a Taiwanese court would more likely apply Taiwanese law. Id. But insofar as the district court credited and based its adequacy finding on Weng's testimony regarding the ability of Taiwanese courts to apply U.S. IP law, such an approach did not constitute an abuse of discretion. See Creative Tech., Ltd. v. Aztech Sys. Pte., Ltd., 61 F.3d 696, 702-03 (9th Cir. 1995).

And even if Sysco were correct that a Taiwanese court could not apply U.S. IP law, the precedent it cites does not support its claim that a foreign court can only provide an adequate

- 11 -

remedy for alleged U.S. IP violations if it can apply U.S. IP law. Rather, in each case Sysco cites, the foreign jurisdiction lacked a sufficient nexus to the conduct at issue, raising the specter that the foreign forum could not remedy the alleged infringement. See Halo Creative, 816 F.3d at 1373 ("[T]here is no evidence that any predicate act occurred in Canada, and no authority that Canada would provide a remedy for United States infringement . . . ."); dmarcian, Inc. v. dmarcian Eur. BV, 60 F.4th 119, 137, 141 (4th Cir. 2023) (noting that the defendant "originally gained access to" and "facilitated the . . . use or disclosure" of the IP "within the United States" and, correspondingly, that Dutch courts could not remedy such conduct (cleaned up)); Lang Van, Inc. v. VNG Corp., 40 F.4th 1034, 1037, 1043 (9th Cir. 2022) (explaining that the defendant released the infringing material "into the United States" and that Vietnamese law did not provide "a realistic avenue" for relief (citation omitted)); Jose Armando Bermudez & Co. v. Bermudez Int'l, No. 99 Civ. 9346, 2000 WL 1225792, at *2-4 (S.D.N.Y. Aug. 29, 2000) (describing infringing activity confined to the United States and concluding that Dominican courts thus could not "grant an adequate remedy to plaintiff").

By contrast, in IP cases with sufficient foreign nexuses -- like the one at bar -- U.S. courts have repeatedly granted forum non conveniens dismissals on the grounds that, in applying their own domestic law, foreign courts could fashion

remedies that adequately addressed the conduct that allegedly violated U.S. IP law.  That is, in such cases, foreign courts may still prove adequate for adjudicating disputes that implicate U.S. IP law, even if those courts would not or could not apply U.S. IP law.

For example, in <u>Creative Technology</u>, Creative Technology, Ltd. ("Creative") sued Aztech System Pte., Ltd. ("Aztech") in U.S. court for alleged violations of U.S. copyright law.  61 F.3d at 699.  Aztech moved for and received a forum non conveniens dismissal in favor of Singapore.  <u>Id.</u>  The Ninth Circuit affirmed the dismissal, explaining "that the Singapore Copyright Act offers Creative an adequate alternative remedy independent of United States copyright law." <u>Id.</u> at 701.  As the court expounded, a victory under the Singapore Copyright Act -- notwithstanding its lack of extraterritorial reach -- would afford Creative, inter alia, the same remedies it sought under U.S. copyright law: "damages incurred by Aztech Labs' alleged illegal distribution of pirated sound cards within the United States" and injunctive relief against "Aztech's infringing conduct in Singapore." <u>Id.</u> at 702.  Other cases track <u>Creative Technology</u>.  <u>See, e.g.</u>, <u>Lockman Found.</u> v. <u>Evangelical All. Mission</u>, 930 F.2d 764, 769 (9th Cir. 1991) (holding, in the context of trademarks, that the potential inability to litigate a Lanham Act claim in Japanese court did "not preclude forum non conveniens dismissal" where the plaintiff

might still recover on "tort and contract claims"); Wave Studio, LLC v. Gen. Hotel Mgmt. Ltd., 712 F. App'x 88, 90 (2d Cir. 2018) (summary order) ("[T]he mere existence of the Singapore Copyright Act[, coupled with the broader record,] illustrates . . . that Singapore courts are . . . entirely capable of properly adjudicating copyright ownership and infringement claims."); González Cantón v. Mad Ruk Ent., Inc., No. 22-1458, 2023 WL 4546545, at *11 (D.P.R. July 13, 2023) ("Canada has its own laws that attend tort and copyright claims, and though admittedly different from the laws of the United States, those statutes should not be so dissimilar as to deprive Plaintiff of the proper remedies he seeks."); see also Howe v. Goldcorp Invs., Ltd., 946 F.2d 944, 952 (1st Cir. 1991) (listing non-IP cases showing that a court can dismiss a case for forum non conveniens even when the foreign forum would apply different substantive law than would a U.S. court).

As in Creative Technology, the district court here reasonably concluded that foreign "law provides a range of significant potential remedies for [IP] violations" sufficient to remedy the harms alleged in the complaint. Sysco Mach., 2023 WL 6035672, at *6.

"Of course, if the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all, . . . the district court may [refuse dismissal.]" Piper, 454 U.S. at 254; see also Mercier v. Sheraton Int'l, Inc.,

981 F.2d 1345, 1350 (1st Cir. 1992) (noting that a plaintiff can defeat a forum non conveniens motion by "demonstrat[ing] significant legal . . . obstacles to conducting the litigation in the alternative forum"). But Sysco has made no such showing here. The district court found -- and Sysco does not here contest -- that Taiwan offers procedural regularity and remedies such as damages and domestic injunctive relief that could compensate Sysco for, and cut off the source of, Sysco's alleged U.S. harms. See Sysco Mach., 2023 WL 6035672, at *5-6.

In its reply brief, Sysco argues that these remedies fall short because they do not include the ability to remedy "extraterritorial infringing activity" through "extraterritorial enforcement." But to qualify as adequate, a foreign forum need not possess all the remedial tools available to U.S. courts, such as the ability to enforce judgments in the United States. See Creative Tech., 61 F.3d at 702. Rather, we require only that the foreign forum have the power to provide "reasonably fair" remedies. Ahmed v. Boeing Co., 720 F.2d 224, 226 (1st Cir. 1983). And Sysco's briefing develops no argument as to why extraterritorial enforcement constitutes the only reasonably fair way to remedy its alleged injuries. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."). Thus, for the dispute at bar, we cannot say

that Taiwanese IP law falls so short of U.S. IP law as to render its remedies an inadequate stand-in for U.S. remedies.

Finally, contending that "Adequacy is Particularly Important in the Context of Intellectual Property Disputes," Sysco relies on Halo Creative to assert that "[t]he policies underlying [U.S. IP law] would be defeated if a [court were to dismiss for forum non conveniens] without a sufficient showing of [foreign] adequacy," 816 F.3d at 1373.  We have no need here to delve into this normative argument because, as explained supra, Taiwan does offer an adequate forum to adjudicate the dispute at bar.  Thus, we do not threaten "[t]he policies underlying [U.S. IP law]" by affirming the dismissal of Sysco's claims in favor of a Taiwanese forum.  Id.

## B.

Turning its attention to step two of the forum non conveniens inquiry, Sysco challenges the district court's balancing of private- and public-interest factors.

### 1.

Sysco first groups its private-interest assertions into three buckets, arguing that the district court abused its discretion when it "(1) disregarded substantial evidence and relied on unsupported advocacy in order to determine that certain factors favored litigation in Taiwan, (2) determined that

litigation in either forum would entail similar difficulties, and
(3) considered the existence of concurrent litigation."

In support of its first argument, Sysco asserts that the
district court improperly (1) characterized this case as taking
place "largely in Taiwan," Sysco Mach., 2023 WL 6035672, at *7;
(2) understated the difficulty of compelling witnesses in Taiwan,
including by juxtaposing that difficulty with the difficulty of
compelling witnesses in the district court, id. at *8;
(3) exaggerated the significance of the fact that "the vast
majority of . . . evidence [is] in Taiwan," id. at *7; and
(4) failed to substantiate its conclusion that the costs of U.S.
litigation would exceed those of Taiwanese litigation, id. at *8.

None of these alleged errors constituted an abuse of
discretion.  Though Sysco claimed harm in the United States, the
district court reasonably characterized the alleged events that
putatively caused that harm -- theft, copying, and
dissemination -- as having "t[aken] place largely in Taiwan." Id.
at *7.  The district court acknowledged that a Taiwanese court
might struggle "to obtain testimony in the United States" but
concluded that, overall, Taiwan offers greater access to witnesses
than does the United States.  Id. at *8.  Additionally, the
district court adequately explained why the location of "the vast
majority of . . . evidence" heavily favors litigation in
Taiwan -- i.e., because a U.S. forum would require the translation

of "significantly" more documents than a Taiwanese forum.  Id. at
*7, *9.  Finally, "the record and common sense," A.W. Chesterton
Co. v. Chesterton, 128 F.3d 1, 9 (1st Cir. 1997), supported the
district court's conclusion that "[l]itigating in the U.S. would
involve greater overall costs for interpretation . . . , flights,
and lodging for witnesses testifying at trial as well as for
depositions," Sysco Mach., 2023 WL 6035672, at *8.

       In support of its second argument, Sysco takes issue
with portions of the district court's analysis that "credited"
Cymtek's and Cymmetrik's contentions over Sysco's.  Specifically,
Sysco argues that the district court accepted Cymtek's and
Cymmetrik's arguments concerning access to sources of proof and
the ability of courts to offer remedies with extraterritorial
impact -- even though Sysco purportedly proffered equally
persuasive arguments to the contrary.  But in conducting a forum
non conveniens analysis, a district court enjoys significant
discretion to assess evidence and arguments as it sees fit.  See
Mercier, 981 F.2d at 1351 n.3, 1353-54.  And the district court
adequately explained its rationale for concluding that factors in
facial equipoise actually favor litigation in Taiwan:  Concerning
sources of proof, the district court reasoned that, while Taiwan
and the United States have similar evidence-authentication
processes, the fact that most of the evidence is located in Taiwan
and written in Chinese weighs in favor of a Taiwanese forum.  See

Sysco Mach., 2023 WL 6035672, at *7–8.  As for remedies with
extraterritorial impact, the district court carefully explained
that a Taiwanese remedial order would cure Sysco's U.S. injuries,
while a U.S. remedial order would not reach the underlying conduct
at issue in Taiwan.  See id. at *10.

        Finally, in arguing that the district court abused its
discretion by "improperly consider[ing] the effect of concurrent
litigation in Taiwan," Sysco misconstrues Adelson, which provided
in relevant part:

> The existence of concurrent litigation is not
> a relevant factor to the analysis; none of the
> [public-interest] factors . . . invokes a
> comparison between the two competing fora.  By
> focusing on the existence of parallel
> proceedings in a foreign court, the district
> court essentially converted the analysis into
> a determination of which of the two pending
> cases should go forward.

510 F.3d at 54.  Here, the district court did not reduce its
decision to a binary Taiwan-or-Massachusetts inquiry.  Instead,
citing Adelson, the court explained that it could "look to the
proceedings in Taiwan for evidence related to various
considerations that are part of the forum non conveniens analysis,
such as whether Taiwanese courts address the types of claims at
issue or have jurisdiction over these parties."  Sysco Mach., 2023
WL 6035672, at *4 n.6.  In short, the district court did not treat
the existence of the Taiwanese proceedings as a factor, but rather
drew logical inferences from the existence of those proceedings to

inform its assessment of routine private-interest factors. We decline Sysco's invitation to rob courts of this source of particularly relevant information.

**2.**

Lastly, Sysco asserts three brief challenges to the district court's appraisal of the public-interest factors.

Sysco first argues that the district court improperly determined "that the administrative difficulties flowing from court congestion weigh" neither in favor of Taiwan nor the United States, thus rendering "this factor . . . in equipoise." Id. at *10. According to Sysco, the parties failed to adduce evidence on this point, and the district court therefore should have foregone this factor. We fail to comprehend how foregoing this factor would have produced a meaningfully different result than labeling this factor "in equipoise." Regardless, the district court provided sufficient detail to satisfy us that the parties presented enough evidence for the court to meaningfully compare the relative administrative difficulties of litigating this case in Taiwan and the district court. See id.

Next, Sysco once more takes issue with the district court treating this case as, first and foremost, a Taiwanese dispute. See id. For the reasons provided throughout this opinion, supra, we agree with the district court's characterization.

Finally, while seemingly accepting that this case would require a U.S. forum to apply Taiwanese law, Sysco argues that the district court wrongly found that "Taiwanese courts would likely not need to apply foreign law in adjudicating" this dispute.  <u>Id.</u> But as the district court explained in its forum-adequacy analysis, and as discussed in section V.A, <u>supra</u>, Cymtek adduced evidence that a Taiwanese court would likely conclude that "Taiwanese law would and should apply to this case, rather than the law of the United States."  <u>Id.</u> at *5 n.7.  The district court did not abuse its discretion by apparently crediting this evidence.

**VI.**

The district court properly exercised its discretion in applying the doctrine of forum non conveniens.  We discern no error in its reasoning -- much less an abuse of discretion -- and therefore <u>affirm</u> its considered opinion.